**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FREEDOM MORTGAGE
CORPORATION, a New Jersey
Corporation,

    Plaintiff,

v.                                               Case No.   3:18-cv-737-J-34JRK

DON DANIEL, an individual, et al.,

    Defendants.

## O R D E R

    **THIS CAUSE** is before the Court on Defendants Guild Mortgage Company, Don Daniel, Diane Bennett, Robert DiGiore and Eric Spicher's Motion for Leave to File Partial Motion for Summary Judgment (Dkt. No. 104; Motion) filed on July 1, 2020. In the Motion, these Defendants seek leave to file a motion for partial summary judgment despite the long since passage of the deadline for filing all dispositive motions. See generally Motion; Order (Dkt. No. 71) (amending the Court's previously entered Case Management and Scheduling Order (Dkt. No. 41) and setting a dispositive motion filing deadline of October 30, 2019). Plaintiff filed a response in opposition to the Motion on July 13, 2020. See Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Partial Motion for Summary Judgment (Dkt. No. 105; Response). Upon review, the Court finds that the Motion is due to be denied.

    Despite the fact that the instant Motion exceeds 20 pages, Defendants have failed to even attempt to explain why the filing of a motion for partial summary judgment is either

necessary or warranted at this late date.  First, the Court observes that Defendants have not made any effort to show excusable neglect to warrant relief under Rule 6(b), Federal Rules of Civil Procedure (Rule(s)).  Defendants appropriately cite Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship[1] as setting forth the factors to be considered in determining whether a party has established excusable neglect.  See Motion at 10.[2]  However, they essentially ignore two critical factors in determining whether any delay is, in fact, excusable – the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.  Indeed, Defendants make no attempt whatsoever to give any explanation or reason for failing to file a timely motion for summary judgment, much less for waiting eight months after the deadline before attempting to do so.  Nor do they suggest a reason why any failure to timely file was not entirely within their control.  As for good faith, Defendants say their Motion is "made in complete good faith," but fail to give any basis for that assertion.  The record here demonstrates that Defendants 1.) did not file a timely motion for full or partial summary judgment, 2.) filed a response to Plaintiff's motion for partial summary judgment in which they addressed the claims they seek to challenge in their proposed motion and also filed a sur-reply addressing those claims and never even suggested they might wish to, or need to, file their own motion, 3.) sought a lengthy continuance of the case without mentioning a desire to file an untimely dispositive motion, 4.) dedicated the majority of the instant

---

[1] 507 U.S. 380 (1993).
[2] The determination of the existence of excusable neglect is an equitable one, "'taking account of all relevant circumstances surrounding the party's omission….'"  Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322 (11th Cir. 1996) (quoting Pioneer, 507 U.S. at 395).  The factors to be balanced in making this equitable determination include, but are not limited to, "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id. (quoting Pioneer, 507 U.S. at 395).

- 2 -

Motion to presenting substantive arguments on the merits of the issues addressed in Plaintiff's motion for partial summary judgment, and 5.) improperly exceeded the page limit and also attached the proposed motion for partial summary judgment to the Motion in violation of this Court's Local Rules,[3] all of which suggest anything but good faith.

Next, the Court finds Defendants have failed to show good cause as required for an extension of time pursuant to Rule 6(b).  See Rule 6 ("The court may, for good cause, extend the time . . . .").  And they have failed to make any showing of good cause as required by Rule 16(b)(4) for relief from the deadlines set forth in the Court's operative scheduling order.  See Rule 16 ("A schedule may be modified only for good cause and with the judge's consent.").  When a court has established a specific deadline for the filing of motions, Rule 16 requires that a party establish good cause for seeking leave to file a motion after that deadline has expired.  See Walters v. Altec Indus., Inc., No. 3:01-CV-371-J-12TEM, 2003 WL 22012046, at *1 (M.D. Fla. Mar. 3, 2003); Perez v. Pavex Corp., No. 801CV0069T27MSS, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002).  "This good cause standard precludes modification [of a scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).  Indeed, "'[i]f [a] party was not diligent, the [good cause] inquiry should end.'"  Id. (second and third alteration in original) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Undoubtedly, a party lacks diligence when it "has full knowledge of the information" upon which it seeks to rely before the deadline passes, but fails to act on it.  See S. Grouts & Mortars, Inc. v. 3M Co., 575

---

[3] Rule 3.01(d), Local Rules, United States District Court, Middle District of Florida (directing that a party seeking leave to file a motion "shall not include, as an attachment or otherwise, the proposed motion. . . .").

- 3 -

F.3d 1235, 1241 n.3 (11th Cir. 2009). Here, Defendants do not attempt to explain how they were diligent or why they could not file the proposed dispositive motion prior to the Court's deadline. Moreover, it appears that Defendants did not act diligently as it is evident they have been well aware of the arguments they now wish to present literally for months and months.

Despite these obvious deficiencies, Defendants' primary rationale in support of granting the Motion is the contention that the arguments they intend to raise are meritorious and, as such, not addressing them now would cause the Court and parties to expend resources unnecessarily. This argument fails for at least two reasons. First, the purported merit of the arguments is the very reason Defendants should have been aware of the arguments and raised them in a timely motion. Second, permitting Defendants to file the untimely motion for partial summary judgment based upon its purported merit presupposes the actual merit of the arguments sought to be presented. Notably, Defendants' contentions regarding the unequivocal merit of the summary judgment arguments they now wish to present stand in stark contrast to the arguments in Defendants' Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 91) and Defendants' Sur-Reply in Response to Plaintiff's Reply in Further Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 100) in which on the same issues they argue that genuine issues of material fact preclude entry of summary judgment. If Defendants truly believed that on the undisputed facts Plaintiff could not carry its burden, then they should have said so. See Dadeland Depot, Inc. v. St. Paul Fire, 483 F.3d 1265, 1268 (11th Cir. 2007) ("The plain language of Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (quoting Johnson v. Bd. of Regents, 263 F.3d 1234, 1243 (11th Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986))) (internal quotation marks omitted).

In short, Defendants have failed to present any rational basis for their failure to file the proposed motion in a timely manner, any reason to excuse that failure, or any basis on which the Court could find good cause to permit the filing of the proposed motion for partial summary judgment eight months after the expiration of the dispositive motion deadline. As such, the Motion is due to be denied.

In light of the foregoing, it is

**ORDERED:**

Defendants Guild Mortgage Company, Don Daniel, Diane Bennett, Robert DiGiore and Eric Spicher's Motion for Leave to File Partial Motion for Summary Judgment (Dkt. No. 104) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record